UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHEILA NICHELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV1403 |
| | ) |
| JOHN H. SOEDER, III, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This matter is before the court pursuant to the Motion to Compel Arbitration and Motion to Dismiss, or in the Alternative, to Stay All Proceedings filed by Defendants John H. Soeder, III, and Sher & Shabsin, P.C., (jointly, "Defendants"). Doc. 8.

### FACTUAL BACKGROUND

Title Lenders, Inc. ("TLI") is a lender who provides payday cash advances in the form of short term loans. On October 7, 2004, Plaintiff Sheila Nichelson obtained a loan from TLI. Doc. 9, Ex. A, Loan Agreement. TLI employed Defendant Sher & Shabsin, P.C., a law firm, to recover a judgment on Nichelson's allegedly delinquent account. Defendant Soeder is an attorney employed by the law firm of Sher & Shabsin, P.C.

On August 18, 2005, Defendants filed a petition in State court against Plaintiff to collect debts allegedly owed by Plaintiff to TLI, Cause No. 05AC-24471. Doc. 9, Ex. A. The petition alleged that pursuant to a promissory note Nichelson promised to pay TLI $560.50 in installments; that the promissory noted provided for interest from maturity or default of payment, reasonable attorney's fees, and costs; that Nichelson failed to make the payments called for by the terms of the promissory note; and that, therefore, TLI was seeking judgment against Nichelson, plus interest, reasonable attorney's fees, and costs. Doc.9, Ex. A. Nichelson appeared and consented to a

judgment in Cause No. 05AC-24471 on September 29, 2005. Doc. 9, Ex. B. Nichelson did not raise the defense of arbitration in Cause No. 05AC-24471.

Nichelson filed suit in State court alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a), by conduct including the filing of the petition in Cause No. 05AC-24471 "in violation of the agreement of the parties to arbitrate [their] dispute." Doc. 1, Petition. Pursuant to 28 U.S.C. § 1441, Defendants removed Nichelson's cause of action to federal court and assert in the motion pending before this court that Nichelson's cause of action should be compelled to arbitration and dismissed, or in the alternative, stayed pending arbitration.

## DISCUSSION

Nichelson's loan agreement with TLI includes the following arbitration provision:

> ARBITRATION PROVISION: Except as stated in the next sentence, you and we agree that any "dispute, regardless of when it arose, shall be resolved by arbitration in accordance with this Agreement. However, you and we each retain the right to resolve any dispute in small claims court for disputes that are within the jurisdiction of such courts. This loan agreement shall be construed in accordance with and governed by the laws of the State of Missouri, except that the arbitration provision shall be construed in accordance with the Federal Arbitration Act. Judgment on the arbitrator's award may be entered in any court having jurisdiction. The arbitration provisions of this Agreement shall survive the closing and repayment of your transactions.
>
> For purposes of this Agreement, a "dispute" is any claim or controversy of any nature whatsoever arising out of or in any way related to this loan; arranging of the loan; any application, inquiry or attempt to obtain the loan; this Agreement; or any other aspect of this loan. It includes, but is not limited to, federal or state contract, tort, statutory, regulatory, common law and equitable claims. It includes against any of our or your affiliates, directors, officers, employees, agents, successors, or assigns.
>
> ...
>
> BY AGREEING TO ARBITRATE ANY DISPUTE, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT DISPUTE IN COURT ... .

Doc. 9, Ex. A (emphasis in original).

Walter Morrow and Pamela Taylor filed a lawsuit pursuant to the FDCPA against Defendants in State court which matter was removed to the United States District Court for the Eastern District of Missouri, Case No. 4:06CV1243DJS. The plaintiffs in Case No. 4:06CV1243DJS brought their cause of action pursuant to the FDCPA in connection with Defendants' efforts to collect debts owed by Morrow and Taylor to TLI by means of instituting a lawsuit in State court. As they did in the matter under consideration, Defendants, on behalf of TLI, moved in Case No. 4:06CV1243DJS to compel arbitration. The arbitration provision in the loan agreement which the Walter Morrow and Pamela Taylor had with TLI stated as follows: "I AGREE TO BINDING ARBITRATION FOR THE SETTLEMENT OF ANY DISPUTES RELATING IN ANY WAY TO THIS LOAN AGREEMENT AND THE UNDERLYING TRANSACTION." Doc. 12, Ex. A at 2, District Court Order, Case No. 4:06CV1243DJS ("Ex. A").

The Morrow/Taylor loan agreement also contained the following arbitration provision:

> ARBITRATION PROVISION: Except as stated in the next sentence, you and we agree that any "dispute, regardless of when it arose, shall be resolved by arbitration in accordance with this Agreement. . . For purposes of this Agreement, a "dispute" is any claim or controversy of any nature whatsoever arising out of or in any way related to this loan; arranging of the loan; any application, inquiry or attempt to obtain the loan; this Agreement; or any other aspect of this loan. It includes, but is not limited to, federal or state contract, tort, statutory, regulatory, common law and equitable claims. It includes against any of our or your affiliates, directors, officers, employees, agents, successors, or assigns.

Id.

Therefore, the Morrow/Taylor loan agreement contained the same phraseology in regard to arbitration as did the agreement entered into by Nicholson with TLI. The United States District Court for the Eastern District of Missouri found that Defendants could invoke, and had not waived, the arbitration clauses in the Morrow/Taylor agreement. In reaching this conclusion, the district court held:

3

The broad phraseology of the arbitration provisions - -"any disputes relating in any way to this loan agreement" and "any claim or controversy of any nature whatsoever...in any way related to this loan" -- encompasses the FDCPA claims pled by the plaintiffs here. Furthermore, "any doubts raised in construing contract language on arbitrability 'should be resolved in favor of arbitration.'" Telectronics Pacing Sys., Inc. v. Guidant Corp., 143 F.3d 428, 430 (8th Cir. 1998), quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); see also CD Partners, LLC v. Grizzle, 424 F.3d 795, 800 (8th Cir. 2005). "Where the parties to such a clause unmistakably intend to arbitrate all controversies which might arise between them, their agreement should be applied to claims against agents or entities related to the signatories." Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110, 1122 (3rd Cir. 1993). The Taylor agreement provision expressly extends the definition of arbitrable disputes to those involving the agents of the signatory parties.

Plaintiffs do not dispute that when defendants filed the lawsuits upon which plaintiffs' claims here are based, defendants were acting on behalf of, and as agents for, Title Lenders/Mo. Payday Loan. "An agent is subject to the same contractual provisions, including arbitration contracts, to which the principal is bound." Nitro Distributing, Inc. v. Alticor, Inc., 453 F.3d 995, 999 (8th Cir. 2006), citing Pritzker, 7 F.3d at 1121 ("Because a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements.").

Furthermore, "[a] nonsignatory can enforce an arbitration clause against a signatory to the agreement in several circumstances[,]" both of which are present here. CD Partners, 424 F.3d at 798. The first circumstance relates to the relationship between the nonsignatory defendants and the absent signatory, and is found where that relationship is "sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided." Id., quoting MS Dealer Serv. Corp. v. Franklin, 177 F3d. 942, 947 (11th Cir. 1999). Such is the case here, where the relationship is that of client-principal and counsel-agent and the relationship existed for the purpose of an attempt to enforce the agreements to which the client-principal and the plaintiffs here were parties. The second circumstance is present when the signatory relies on the terms of the written agreement containing the arbitration clause in asserting its claims against the nonsignatory. Id. Plaintiffs' petition herein repeatedly references the underlying loan agreements in support of plaintiffs' assertions of defendants' violations of the FDCPA. Petition [Doc. #1-4], ¶7. For all the foregoing reasons, the Court concludes that defendants may invoke arbitration rights against plaintiffs to the extent that Title Lenders itself could.

Nonetheless, plaintiffs argue that the arbitration clause was waived when their defaults were pursued by means of litigation rather than arbitration. Again the "strong federal policy in favor of arbitration" plays an important role in the analysis, namely yielding that "any doubts concerning waiver of arbitrability should be resolved in

4

> favor of arbitration." Ritzel Communications, Inc. v. Mid-American Cellular Telephone Company, 989 F.2d 966, 968-69 (8th Cir. 1993). A waiver will be found "where the party claiming the right to arbitrate: (1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts." Id. at 969. Whether a waiver has occurred is dependent on the particular facts and must be determined on a case-by-case basis. Id. at 971; Stifel, Nicolaus & Company Incorporated v. Freeman, 924 F.2d 157, 159 (8th Cir. 1991).
>
> Even assuming without deciding that the first two prongs of this test are met, the necessary prejudice is absent. "Prejudice may result from lost evidence, duplication of efforts, use of discovery methods unavailable in arbitration...or litigation of substantial issues going to the merits...Delay in seeking to compel arbitration does not itself constitute prejudice." Stifel, Nicolaus, 924 F.2d at 159. A party's prior invocation of judicial process does not necessarily support a finding of waiver. Id. For instance, "only prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver of the right to arbitrate." Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 133(2nd Cir. 1997).
>
> The litigation previously instigated by defendants on Title Lenders' behalf sought recovery for plaintiffs' defaults on the promissory notes associated with their payday loan agreements. The FDCPA claims plaintiffs here bring raise different legal and factual issues, as to which the prior suits on the notes do not constitute a waiver of arbitration rights. Plaintiff Morrow consented to the judgment entered in the suit on the note, and plaintiff Taylor failed to appear and defend in that action. In these circumstances, no prejudice of the relevant sort, namely "inherent unfairness in terms of delay, expense, or damage to a party's legal position" appears to have occurred. Distajo, 107 F.3d at 134. Title Lenders' prior invocation of judicial process, in filing suit on the defaulted promissory notes, is not shown to have prejudiced the plaintiff borrowers with respect to the FDCPA claims they now pursue.

Ex. A at 3-6.

The language of the arbitration provision at issue in the Morrow/Taylor matter is substantially similar to that at issue in the matter under consideration. In both cases Defendants were acting as agents for TLI; as such, they are subject to the contractual provisions of the relevant loan agreement. See Nitro, 453 F.3d at 999. As such, Defendants can enforce the arbitration provision. Id.; CD Partners, 424 F.2d at 798.

5

In regard to whether Defendants have, in fact, waived any right to arbitrate, courts find waiver only where the same legal and factual matters are at issue. Doctor's Associates, 107 F.3d at 133. As in the Morrow/Taylor litigation, the action brought by Defendants against Nichelson in State court involved different factual and legal issues from the FDCPA actions brought by the Nichelson against Defendants. Under such circumstances, Nichelson will not be prejudiced if her cause of action against Defendants is arbitrated. See Distajo, 107 F.3d at 134; Ritzel, 989 F.2d at 969. Furthermore, in view of the strong federal policy favoring arbitration, doubts concerning waiver should be resolved in favor of arbitration. Id. at 968-69.

In court finds, consistent with precedent of the Eastern District of Missouri, that Defendants may invoke, and have not waived, the arbitration clause in the underlying loan agreement, and that those clauses encompass the claims at issue in this action.

## CONCLUSION

For the reasons fully set forth above, the court finds that Defendants may invoke the arbitration provision in the underlying loan agreement and that therefore, Defendants' Motion to Compel Arbitration and Dismiss should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration and Dismiss, is **GRANTED**; Doc. 8

**IT IS FURTHER ORDERED** that Defendants' Motion, in the Alternative, to Stay all Proceedings, is **DENIED**; Doc. 8

**IT IS FURTHER ORDERED** that a separate Order incorporating this Memorandum Opinion shall issue this same date.

_____
STEPHEN N. LIMBAUGH
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2006.